IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PEDRO ARGUETA-PINTO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br>Civil Case No. 2:08-CV-878 TS<br>Criminal Case No. 2:04-CR-798 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Petitioner is proceeding *pro se* in this matter. The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, as set forth more fully below.

1

## BACKGROUND

Petitioner was indicted, in a Second Superseding Indictment, on three counts of hostage taking on February 21, 2007. Petitioner pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to Count 1 of the Second Superseding Indictment on March 1, 2007. Petitioner's Statement in Advance of Plea contained an appeal waiver. Petitioner was sentenced to 120 months custody on May 14, 2007. Judgment was entered on May 18, 2007.

Petitioner did not pursue direct appeal. Petitioner filed the instant Motion on November 14, 2008.

## DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

Under 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final when the timing for direct appeal expired—May 28, 2007. Petitioner did not file this Petition until November 14, 2008—more than one year after his conviction became final.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances."[2] This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."[3] Petitioner has the burden of establishing that equitable tolling should apply.[4]

The Tenth Circuit has held that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling.[5] In his Motion, Petitioner claims that his counsel was ineffective for failing to object to sentencing enhancements that were based on judge-found facts. Petitioner also argues that his counsel was ineffective for failing to file a notice of appeal. The Court cannot find that either conduct is sufficiently egregious as to justify equitable tolling.

---

[2]*See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[3]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[4]*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[5]*See Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007).

First, Petitioner argues that his counsel was ineffective for failing to object to judge-found facts under *Booker*,[6] *Blakely*,[7] and *Cunningham*.[8]  Here, however, Petitioner entered into a plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C).[9]  "*Booker* . . . is not implicated where the district court accepts a stipulated sentence under a Rule 11(c)(1)(C) plea bargain."[10]  Thus, the Court cannot find that Petitioner's counsel was ineffective on this ground.[11]

Second, Petitioner's counsel was not ineffective for failing to file a notice of appeal. As indicated above, Petitioner's Statement in Advance of Plea contained an appeal waiver which provided:

> I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal a sentence above the maximum penalty provided in the statute of conviction . . . .[12]

The Tenth Circuit, in *United States v. Romero-Cruz*,[13] addressed a similar situation to the one before the Court.  In that case, Petitioner claimed that the statute of limitations for his § 2255 petition should be equitably tolled because his counsel failed to file a Notice of Appeal despite

---

[6]*United States v. Booker*, 543 U.S. 220 (2005).

[7]*Blakely v. Washington*, 540 U.S. 965 (2004).

[8]*Cunningham v. California*, 549 U.S. 270 (2007).

[9]Docket No. 274 in Criminal Case No. 2:04-CR-798 TS.

[10]*United States v. Graham*, 466 F.3d 1234, 1240 (10th Cir. 2006).

[11]For the same reason, Petitioner's claim that his sentence was illegal and unconstitutional because it was based on judge-found facts is without merit.  *See United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005).

[12]Docket No. 274 in Criminal Case No. 2:04-CR-798 TS.

[13]245 Fed.Appx. 797 (10th Cir. 2007).

being asked to do so.[14]  However, as here, the petitioner's Statement in Advance of Plea contained an appeal waiver.[15]  In that case, the court held that, in light of the appeal waiver, the petitioner's counsel could not be faulted for failing to file an appeal and the petitioner had failed to show egregious conduct warranting equitable tolling.[16]

Based on the above, the Court finds that Petitioner has not set forth any "rare and exceptional" circumstances which would justify the application of equitable tolling.

## CONCLUSION

It is therefore

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:08-CV-878 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:08-CV-878 TS forthwith.

SO ORDERED.

DATED this 15th day of April, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14] *Id*. at 800.

[15] *Id*. at 800.

[16] *Id*. at 800-01.